IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| David Johnson, Jr., | ) | C/A No. 0:24-4524-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| York Co Clerk of Court, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Plaintiff David Johnson, Jr., a self-represented sovereign citizen, filed this civil action alleging violations of his constitutional rights by Defendant, the York County Clerk of Court. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's Motion to Dismiss. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. (ECF No. 15.) Plaintiff filed a response in opposition to the motion (ECF No. 17), and Defendant filed a reply (ECF No. 19). Having reviewed the record presented and the applicable law, the court finds Defendant's motion should be granted.

## BACKGROUND

  The following allegations are taken as true for purposes of resolving Defendant's motion to dismiss. Plaintiff alleges that, on February 5, 2024, Defendant York County Clerk of Court unlawfully seized funds from his bank account to satisfy his child support obligations. Plaintiff further alleges Defendant has failed to respond to his objections and requests for review, mailed him "threats enforcing child support without proper due process," and issued illegal subpoenas for

his personal financial information. (ECF No. 1 at 9, 10.) He seeks damages, injunctive relief, and declaratory relief.

On September 11, 2024, the court authorized service of Plaintiff's Complaint, construing it as asserting claims pursuant to § 1983 of a due process violation in violation of the Fourteenth Amendment and of unconstitutional seizure in violation of the Fourth Amendment. (ECF No. 10.) Defendant moves to dismiss the Complaint pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6).

## DISCUSSION

**A.     Standard of Review**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), if the moving party contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, the court must assume that the facts alleged in the complaint are true. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). If the moving party contends the facts alleged are untrue, the court may resolve factual disputes by weighing evidence necessary to determine whether the court has jurisdiction. Id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178

F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Defendant's Motion to Dismiss**

Defendant argues the court should dismiss the complaint because: (1) the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, (2) Younger abstention applies, (3) Defendant is immune from suit under the Eleventh Amendment, and (4) Defendant is not a person amenable to suit under § 1983.

### 1. Subject Matter Jurisdiction

Defendant first argues the court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine bars lower federal courts from exercising appellate jurisdiction over final state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006) (noting that the United States Supreme Court retains exclusive jurisdiction over appeals from state court judgments under 28 U.S.C. § 1257); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine is narrow, confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon, 544 U.S. at 284. If a federal plaintiff presents an independent claim, that the same or a related question was earlier aired between the parties in state court does not implicate the Rooker-Feldman doctrine. Skinner v. Switzer, 562 U.S. 521, 532 (2011) (quoting Exxon, 544 U.S. at 292-93.) When it applies, the doctrine is jurisdictional. Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) ("Under the Rooker–Feldman doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court. We regard the doctrine as jurisdictional.") (internal quotation marks and citations omitted). Defendant argues the Rooker-Feldman doctrine applies here because Plaintiff is essentially seeking appellate review of a state family court order directing him to pay child support. The court agrees.

Plaintiff is party to a child support modification proceeding in York County. See David Johnson, Jr. v. Donyelle N. Mitchell-Williams, C/A No. 2023-DR-46-01962 (York Cnty. Family

Ct.), docket available at https://portal.fccms.dss.sc.gov/#/PublicAccessCaseSearch.[1]  In South Carolina, "[t]he family court has exclusive jurisdiction . . . to determine the manner in which sums ordered paid for support shall be paid and applied, either to a person through the court, through the clerk of court, or through a centralized wage withholding system if required by federal statute or regulation." S.C. Code Ann. § 63-3-530(A)(21).  When the family court issues a support order, the obligor's income is subject to immediate withholding.  See S.C. Code Ann. § 63-17-1420.  The clerk of court is tasked with enforcing the family court's child support orders and has legal authority to obtain necessary information to locate obligors.  See S.C. Code Ann. §§ 63-17-1440, 1460, 2310.

On February 5, 2024—the date Plaintiff alleges Defendant unlawfully seized funds from his bank account—there was a child support modification hearing in Plaintiff's family court action. The family court entered judgment on February 12, 2024.  Plaintiff alleges he submitted objections and requests for review to Defendant in May, June, and August 2024, to which Defendant failed to adequately respond.  (ECF No. 1 at 3-6.)  Plaintiff asks this court to "[d]eclare that the actions taken by the York Co Clerk of Court . . . were unauthorized and void . . . [and] [p]ermanently enjoin the York Co Clerk of Court from further unauthorized actions against Plaintiff."  (ECF No. 1 at 15.)  Plaintiff thus seeks judicial review of Defendant's actions, which are inextricably intertwined with the family court's decision concerning Plaintiff's child support obligations.

This court has repeatedly found the Rooker-Feldman doctrine bars such review of family court child support orders.  See, e.g., Thompson v. Leach, C/A No. 3:23-5696-CMC-PJG, 2023 WL 9521489 (D.S.C. Nov. 30, 2023) (finding that the Rooker-Feldman doctrine deprived the court

---

[1] This court may take judicial notice of Plaintiff's family court records and proceedings. See Fusaro v. Cogan, 930 F.3d 241 n.1 (4th Cir. 2019); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989).

of jurisdiction to consider a challenge to a child support order), report and recommendation adopted by 2024 WL 243424 (D.S.C. Jan. 23, 2024); Sallis v. Child Support Div., C/A No. 7:19-320-TMC-JDA, 2019 WL 8953164, at *5 (D.S.C. Feb. 6, 2019) (collecting cases finding the Rooker-Feldman doctrine applies to federal court challenges to state child support orders), report and recommendation adopted by 2020 WL 995125 (D.S.C. Mar. 2, 2020); Dingle v. Armstrong, C/A No. 2:23-4141-BHH-MHC, 2024 WL 4164737, at *4-5 (D.S.C. June 6, 2024) (finding that the plaintiff's claims about enforcement of a child support order were inextricably intertwined with the claims at issue in the child support order such that Rooker-Feldman applied), report and recommendation adopted by 2024 WL 3982833 (D.S.C. Aug. 29, 2024); Woods v. South Carolina Dep't of Soc. Servs., C/A No. 6:24-502-HMH-KFM, 2024 WL 1494994, at *3 (D.S.C. Feb. 28, 2024) (applying Rooker-Feldman where the plaintiff challenged a state court order garnishing wages for past-due child support and noting "the Rooker-Feldman doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues; instead, only the United States Supreme Court may review those state-court decisions"), report and recommendation adopted by 2024 WL 1131232 (D.S.C. Mar. 15, 2024).  Plaintiff's case is not distinguishable from these decisions.  The court thus recommends dismissing the Complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.

    **2.**    **Alternate Basis for Dismissal**

Defendant correctly argues it is not a "person" amenable to suit under § 1983.  A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right

secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person" acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A "person," for § 1983 purposes, includes individuals and corporate or political entities. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). The York County Clerk of Court is neither an individual person nor a corporate or political body and is thus not amenable to suit under § 1983. See Walker v. Greenville Cnty. Clerk of Court, C/A No. 6:23-3544-HMH-KFM, 2023 WL 5516081, at *4 (D.S.C. Aug. 11, 2023) (finding the Greenville County Clerk of Court is not a person under § 1983), affirmed by 2023 WL 8183312 (4th Cir. Nov. 27, 2023).

In addition, to the extent Plaintiff is suing an individual within the clerk of court's office, that individual is entitled to quasi-judicial immunity for his or her role in enforcing the family court's order. See Hamilton v. Murray, 648 F. App'x 344, 344-45 (4th Cir. 2016) (holding that "court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or the court's direction"); Walker, 2023 WL 5516081, at *4 (same); Holcomb v. Greenville Cnty. Clerk of Court, C/A No. 6:17-2001-MGL-SVH, 2017 WL 4023128 (D.S.C. Aug. 23, 2017) (explaining that immunity was extended to court personnel because "disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts"), report and recommendation adopted by 2017 WL 4012389 (D.S.C. Sept. 12, 2017); France v. County of Charleston, C/A No. 2:23-157-BHH-MHC, 2023 WL 3937522, at *5 (D.S.C. May 16, 2023) (recommending summary dismissal

of claims against a clerk of court based on quasi-judicial immunity and collecting cases), <u>report and recommendation adopted by</u> 2023 WL 3934590 (D.S.C. June 8, 2023).[2]

## RECOMMENDATION

Based on the foregoing, the court recommends Defendant's motion to dismiss (ECF No. 14) be granted.

February 19, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[2] In light of the court's conclusion that it lacks subject matter jurisdiction over this case, Plaintiff's pending motions should be terminated from the docket. (ECF Nos. 18 & 28.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).